IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TERRY ANTHONY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-080 |
| | ) | |
| GEORGIA DEPARTMENT OF | ) | |
| CORRECTIONS; CLIFFORD BROWN; and | ) | |
| DANIEL FARMER, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, Terry Lamar Anthony, died July 18, 2024.  (Doc. no. 30, p. 1; doc. no. 33, pp. 9-10.)  Plaintiff's counsel filed a consent motion to stay the case on August 13, 2024, to request time to file a motion to substitute a proper party in place of Plaintiff.  (Doc. no. 30.)  The Court granted this motion, providing Plaintiff's counsel until October 1, 2024, to move to substitute a proper party.  (Doc. no. 31.)  Plaintiff's counsel timely filed a Motion to Substitute Party Plaintiff Due to Death, which included an attached notice of hearing as required by Fed. R. Civ. P. 25(a)(3).  (Doc. no. 33).  Defendants filed no opposition.

Rule 25(a) governs substitution of parties after death and states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ.  P. 25(a)(1).

Terry Louis Anthony, Sr., Plaintiff's father and administrator of Plaintiff's estate, has requested substitution as the proper plaintiff. (Doc. no. 33, p. 2.) As this motion is unopposed, the Court finds there is no need for a hearing.

Accordingly, the Court **GRANTS** the Motion to Substitute Party Plaintiff. (Doc. no. 33.) The Court **DIRECTS** the **CLERK** to **TERMINATE** Terry Lamar Anthony as a party to this case and **SUBSTITUTE** Terry Louis Anthony, Sr., as Administrator of the Estate of Terry Lamar Anthony, Deceased, as Plaintiff. The Court further **DIRECTS** the **CLERK** to **LIFT** the stay imposed by the Court's August 21st Order and issues the following revised schedule:

| | |
|---|---|
| LAST DAY TO FURNISH EXPERT WITNESS REPORT BY PLAINTIFF | December 11, 2024 |
| LAST DAY TO FURNISH EXPERT WITNESS REPORT BY A DEFENDANT | February 10, 2025 |
| CLOSE OF DISCOVERY | March 31, 2025 |
| JOINT STATUS REPORT[1] | March 31, 2025 |
| LAST DAY FOR FILING CIVIL MOTIONS INCLUDING *DAUBERT* MOTIONS, but EXCLUDING MOTIONS IN LIMINE | April 30, 2025 |

SO ORDERED this 24th day of October, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] On the date the discovery period expires, the parties shall file a Joint Status Report, found on the Court's website under Forms, Judge Epps Instructions and Forms, Civil, Joint Status Report Form - for Judge Hall / Judge Epps. Any extension of the discovery period automatically extends the Joint Status Report deadline.